[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
We overrule the sole assignment of error, which alleges that the trial court erred in finding defendant-appellant John A. Watson guilty of felony nonsupport of a dependent in violation of R.C. 2919.21(A)(2) and (G)(1).
R.C. 2919.21 provides the following in pertinent part:
 No person shall abandon, or fail to provide adequate support to:
* * *
 (2) The person's child who is under age eighteen, or mentally or physically handicapped child who is under age twenty-one[.]
* * *
 (G)(1) Except as otherwise provided in this division, whoever violates division (A) or (B) of this section is guilty of nonsupport of dependents, a misdemeanor of the first degree. If the offender * * * has failed to provide support under division (A)(2) or (B) of this section for a total accumulated period of twenty-six weeks out of one hundred four consecutive weeks, whether or not the twenty-six weeks were consecutive, then a violation of (A)(2) or (B) of this section is a felony of the fifth degree.
 Watson was under a Hamilton County Domestic Relations Court order to pay $25 per week in child support for his daughter. Defense counsel agreed that the support order of $25 per week constituted a determination of "adequate support." Over the one-hundred-four-week period from August 25, 1997, to August 26, 1999, Watson made only six payments totaling $1810.50. No payments were made for six consecutive months from August of 1997 through January of 1998. In February 1998, Watson was jailed for contempt. He bailed himself out with a $1000 payment. From March 1998 through August 1998, Watson made one payment of $37. Various payments were made from September 1998 through February 1999. Watson made no payments from March 1999 to August 1999.
Once an offender misses twenty-six weeks of support in any one-hundred-four-week period, he is guilty of felony nonsupport. SeeState v. Tyner (Mar. 3, 1997), Clermont App. No. CA96-10-087, unreported; State v. Ross (Apr. 25, 1996), Delaware App. No. 95CA-A-10-063, unreported; State v. Marcus (Apr. 19, 1996), Delaware App. No. 95CA-A-08-054, unreported. As the Fifth District Court of Appeals stated in State v. Marcus, supra,
 [W]e believe the statute's inclusion of the 104 week time period is not intended to provide a "grace period" in which an offender may "make up" arrearages, but rather to set an outer limit on how far apart an offender's 26 missed weeks may lawfully be. This reading of the statute accomplishes what we find to be the fundamental ends of this legislation — encouraging potential offenders to pay missed support sooner rather than later (i.e. prior to the running of the 26th week rather than prior to the running of the 104th week); swiftly punishing those offenders who miss 26 weeks of support; and protecting potential offenders by setting parameters on how far apart the 26 missed weeks of support may be.
 It is clear from the record that Watson missed more than twenty-six weeks of support within the one-hundred-four-week period from August 25, 1997, to August 26, 1999. The trial court did not err in finding Watson guilty of felony nonsupport.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Winkler and Shannon, JJ.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.